We will take up Burton v. McAleenan. You may proceed, counsel. Good morning, Your Honor. May I please quote? My name is Shen Chen. I represent appellant Thomas Burton. This case, Burton requests CRS, which is Citizenship, Immigration and Service, for records concerning him. And CRS is part of Department of Homeland Security. And we believe that his request should be governed under Privacy Act, which is 5 U.S.C. 552. The Privacy Act? Did he ask for disclosure under the Privacy Act? No, he filled out a form because the CRS requires all requesters to fill out a form. Right, and he didn't check the Privacy Act. There's no Privacy Act as far as I know. Because the form says FOIA-PA, but it doesn't, as far as I can recall, it doesn't specify which act you are requesting under. And we believe that form, as far as the procedure, is the issue in this appeal. And I believe the form and the procedure is made under FOIA, the 552, instead of made under 552A. The reason is because on the form, which is G639, is on page 25 of the record, it requires the requester to get a consent of the third party, which is in paragraph 8A on record number 20, page number 27. The reason is because CIA says that all the records, immigration records, are kept under AILIN, under A number, they call it A file. So any documents regarding the AILIN is kept in that file. And the burden is try to request part of that file concerning him. But under that circumstances, burden should not be required to get a consent of the AILIN, which is under whose name the record was kept. Because under 552A.D.1, it states that any record in a system, a person concerning that person, that person has a right to request for that record. So, counsel, what is the public interest that Burton seeks to advance in this case? Yes. I think the reason he seeks the records is because he believes his estranged wife using VAWA, Violence Against Women's Act, to get an expedited removal of the condition of permanent residence. And also, she used marriage to a citizen to get her citizenship in three years. And we believe the records submitted has to be related to burden, because under VAWA, the petitioner That's purely personal information. It's not, it's not advancing any significant public interest component under Exemption 6, does it? The public interest is how the VAWA is administered. Because under VAWA, the petitioner has, the only petitioner has a right to submit the records. And I, my understanding VAWA disallow any third party to even inquiry on that record, not even to submit the opposing record. But the government certainly scrutinizes that. I mean, you can see, you've sat here through two cases where vigorously they oppose any kind of relief. But the government's investigation is based on the alien's submission. Let's say that if alien submit a totally false record, I mean, there's no, no rule or any ground to say that the government has to go investigate whether that record is true or not. It's the same interest that you would have in any immigration case, right? Only under VAWA case. Your Honor, what's the question again? I mean, is this a narrowed to your, the interest you're talking about, is it narrowed to this particular case? It would be any case that you'd be, it'd be like a third party private right of, private attorney general situation where you could contest a third person for personal reasons, could contest the proceedings between the government and a person seeking immigration relief. That's not how the system operates. My understanding of the public interest is how the government administers the VAWA provision. You're not interested, Burton isn't interested in that. Burton's interested in this case that's personal to him because it's his ex-wife. But I think even though it's related to him in person, but that's the way to find out how government administers the act. Because unless there's a specific case, then that's, well, of course, there's one category of cases which is on a broader scale. But on the other hand, that's to find out how government administers an act is true in this particular case. And this happened to be a particular case. Do you think if you wanted to know how the government administers the act, you would want hundreds of cases to know how the act's administered? Okay. But if he cannot even get his information, how can he get others' information? Because then he, then there are two third parties involved. But in this case, he's applying under the private act on his own information. I don't believe he has a right to obtain the information on other people which he cannot even apply under the Privacy Act. Because I think he may be proceeding under the FOIA Act, but in this case, we are talking about the Privacy Act. He's going to find the information about him. And I believe that's the Privacy Act's purpose. It may have a different purpose. I want to make sure I'm understanding you. Yeah. The whole argument that you've been making thus far is all about the Privacy Act and not about FOIA? Correct. Okay. I think there may be some confusion because our – Because you didn't – because your client didn't check the box for Privacy Act. And so the documents were withheld under FOIA, which is why you have the Vaughn Index. I don't believe that there is a place to check that which act is – okay. Oh, I see what you mean. Okay. Yeah. Privacy Act. Yeah, there's two boxes. And he didn't check the Privacy Act. And I don't think he even argued it below to the district. He argued it below to the district court, so. He consistently argued he wants his own information. In fairness to the government, I think the Privacy Act issue is waived, is it not? In his – in our appeal to the BIA, I think we specifically mentioned the 552A-D1. But also in the – the reason because when the government filed the motion of summary judgment, the government only mentioned Exam 6, Exemption 6. Actually, Exemption 6 cannot be even applied. So – but that's why the argument is more focused on that. But I think that in the – Right. Well, because he had sought disclosure under FOIA, and so that's why – Let me – yeah. That's why the exemption was invoked. So I thought we were talking about the exemption, which does require a balancing. Yeah, that's true. He did not check the right box. That's correct. So that's why we're talking about the significant public interest that would be advanced by the disclosure. That's correct. Yes. In that sense, yes. But on the other hand, I think we mentioned he's trying to obtain his own record. But in the district court, the judge's initial mini-order, it also mentioned – specifically mentioned that the person actually seeking his own record. But of course, that argument is all about FOIA, I think. So that's probably what leads to the conclusion we believe is enormous. Well, let's assume you didn't waive your Privacy Act. Is the wife's A file readily accessible by your clients identifying information? I don't think so. Under Privacy Act or under FOIA? Under the Privacy – under Baker. Let's see. What is it? Baker versus Department of the Navy. It says that the record has to be readily accessible by your client's personal identifying information, such as his Social Security number or if he had an A file number. Or his name. It can't just reference the person. It has to be accessible – readily accessible by that identifying information. But he didn't provide his extended information. So I think that the A file is readily identifiable. But the government did not even provide any involved index, did not say that what the file – what records in that file is related to the request. So basically, the government just denied it based on – without her signature and based on exemption 6. All right. Thank you, Counsel. Good morning. Alarise Medrano on behalf of the Acting Secretary of the United States Department of Homeland Security. As noted in the argument before, despite Mr. Burton's efforts to now characterize this as a Privacy Act request directed only to information about him, what he actually sought in the district court was access to his estranged wife's A file under the FOIA. And Your Honor correctly noted that he checked the FOIA box. Although referenced in passing in the complaint, there's no further argument or articulation of a claim under the Privacy Act until we get to the appellate court. As Counsel indicated earlier, we did file a summary judgment motion in the district court. However, he also filed a cross-motion for summary judgment, and he opposed our motion and did not mention the Privacy Act. Therefore, the government does believe that that argument is waived. Under Exemption 6, he clearly has not shown any public interest in his estranged wife's file. The requests that he submitted to CIS under FOIA were narrowed as this case proceeded. But I have a question about sort of the steps of analysis here. Yes. Am I correct that if there's no showing of a privacy interest at stake, we would never get to the public interest issue? Is that correct? That's correct. All right, so then focusing on the privacy interest here, one thing that I didn't see in the record that is confusing to me is, was there ever any discussion with the district court about doing an in-camera review, doing whether redaction could satisfy any sort of privacy interest that might exist in this case? Was there any discussion about that? There was not. There was a declaration submitted by the agency explaining that the request had been reviewed and a determination was made that the documents, to the extent they exist, and CIS is prohibited from even acknowledging whether a VAWA application has been filed, but to the extent that kind of information exists, it would be contained in the A file of his estranged wife, and therefore her interest in privacy did not allow them to release that information to him without a showing of either permission by the estranged wife or some public interest in those records. So they did undertake the next process of determining a VAWA. So is it the government's position, then, that an A file just inherently has a satisfactory privacy interest and therefore no further consideration of the specific case needs to be done? In general, yes. In this case, they went even further and did determine that the specific documents requested were subject to heightened privacy interests. But an A file, for example, even in the district court or in this court, if it's involved in litigation, there's a presumption that we protect those materials and they're not readily accessible on the public docket. So, yes, an individual has a significant, certainly not a minimal interest, more than a minimal interest in the information contained in their file. Release of immigration information in terms of the kinds of applications that they've filed, the release that they're seeking could subject them to harassment, to harm. Certainly in this case, the ---- So this case is a little bit tricky to me on that issue, because I think I understand how that would apply in the majority of cases, that line of thinking, that an A file is just in and of itself, because of the type of file that this is, there's some privacy interests. But here we have two things that are unique. One, his request is really narrow. I only want information about allegations being made about me. So he doesn't want her personal information, like her address or those sorts of things. So he has a narrow request. And then two, with regard to that narrow request, she's already made allegations about him in public forums in a civil and a criminal matter. So wouldn't that indicate that a privacy interest that exists in this case is somewhat lessened by the fact that she's been public about whatever allegations have been made, and that's the precise and only thing he's after? Well, trying to extricate pieces of information from that A file would be difficult, because any statements that she may have made in connection with the VAWA application or about her estranged husband in general would be inextricably intertwined in the application process and the documents that are in the A file. Here, because he is arguing for a very narrow piece of information, he's done that to try to circumvent the protections of B6 under FOIA by arguing that the Privacy Act would allow him to have that information because it indicates that you can get information about yourself. But the documents that we're arguing about are not about Mr. Burton. They are clearly petitions and documents that were filed by his estranged wife, Ms. Kinn. They may reference him, but they are not about him under either the FOIA or the Privacy Act. And I agree with that. So if we set that aside, though, we still have to have a showing that she has a privacy interest. And if the thing that he's after is something that has already been made part of a public record in two other cases, how strong can the privacy interest be? We don't know. There's nothing in the record to indicate what has been put forth in the public record in terms of the civil proceeding that he discusses, which could potentially be their disillusionment, or the criminal case that he alleges was ongoing. So we have no information about what is in that part of the public record. But for purposes of FOIA, the disclosure of this information is not specific to an ex-husband who might be interested in something because it may pertain to him. FOIA allows disclosure of information in general to the public. So disclosing it even to an estranged husband who might have some indication of what's in that file would mean that we were disclosing it to the public for all purposes. And we certainly don't want to do that under FOIA. We don't want to disclose information from an A file just because there's been a very particular request in this case, and the requester may have some information. If someone off the street were to come in and ask for Ms. Kinn's A file or portions of that A file only discussing certain information, we similarly wouldn't want to disclose that. Here, we believe she has a privacy interest in her A file in general, and the added protection is if, as Mr. Burton alleges, she's filed an application under VAWA, she gets additional protection there because we certainly that was the purpose of enacting immigration statutes that would support VAWA by not allowing it. But the government didn't rely on that in denying his request. It did not because we can't acknowledge that there's been a VAWA application. There are civil penalties for even acknowledging that information. So to the extent it exists, we would argue that it's not appropriate for us to allow him to see the information. He is the alleged harasser in this case. So allowing him the information would defeat the purpose of protecting that information by subjecting the estranged wife to possibly further harassment or retaliation. Clearly, there are ongoing procedures or proceedings between them. So what Mr. Burton does is seeking to have the court intervene in really a private matter between two individuals or who are going through a very difficult divorce. The history of contention between them only supports our argument that we really don't want to disclose this type of information to him. She has a serious privacy interest in keeping that information from her estranged husband. Again, the government contends that the Privacy Act issue was waived before the district court, that Mr. Burton has shown no public interest in the information that he requests. And we would ask the court to affirm. I have nothing further unless the court has questions for me. Okay. Thank you very much, counsel. Thank you. Burton v. McAleenan is submitted.
judges: Wardlaw, Nguyen, Hunsaker